**In re Condemnation Proceeding by
Lower Macungie Township**

C.P. of Lehigh County, no. 2004-C-2865.

*Blake C. Marles,* for condemnor.
*Joseph A. Zator II,* for condemnee.

JOHNSON, *J.,* June 17, 2005—The condemnor Lower Macungie Township (the condemnor) filed a declaration of taking (declaration) along with a notice of condemnation and notice of the filing of declaration of taking against property of Landston Equities LLC (the condemnee) located in Lower Macungie Township, on October 19, 2004.

Before the court for consideration are the preliminary objections of the condemnee to the condemnor's declaration filed on November 19, 2004. Argument was held

on this matter on May 18, 2005, at which time the court heard arguments from counsel for both parties regarding the preliminary objections. The court will address each of the preliminary objections seriatum below.

## I. PRELIMINARY OBJECTIONS

### A. *The Condemnor Exceeded the Authority Granted by the Legislature in the Second Class Township Code To Condemn Property and Violated the Pennsylvania Constitution When It Acted To Condemn the Subject Property for Open Space Purposes*

The Legislature granted to townships of the second class, such as Lower Macungie Township, by way of the Second Class Township Code, 53 P.S. §65101 et seq., (the Code) authority to act on certain issues of concern to such a township. It intended, with limited exceptions, that the Code "shall furnish a complete and exclusive system for the government and regulation of townships." 53 P.S. §65103(b). Among the provisions of the Code is section 2201, which authorizes the condemnor, through its board of supervisors, to acquire land or buildings "by the exercise of the right of eminent domain for recreational purposes." 53 P.S. §67201. The condemnor relied on this provision of the Code, in combination with the general Code provisions on eminent domain found at 53 P.S. §68401 et seq., to justify condemnation of the property. Declaration ¶5 at 2.

The condemnee argues that the condemnor went beyond section 2201 when it explicitly condemned land for open space purposes, as none of the Code provisions

permits a condemnation by a second class township for open space purposes. Resolution 3rd, 4th 5th, and 6th recitals and ¶1 at 1, 2; Declaration ¶5 at 2. The condemnor argues that it is expressly authorized pursuant to section 2201 of the Code to condemn property for recreational purposes and that recreational land is so intertwined with the additional benefit of open space that it makes a distinction between recreational land and open space impossible.

The court does not agree with the condemnor's argument. If the Legislature had intended to grant the authority to condemn open space to a second class township, it knew how to provide that authority. Since the Code is devoid of that grant of authority, the court will not imply it. *Olson v. Whitpain Township,* 141 Pa. Commw. 270, 276, 595 A.2d 706, 709 (1991) (en banc) (previous provisions of the Code did not permit condemnation for recreational purposes and no implication of such authority permitted). A distinction exists between recreational purposes and open space purposes. The condemnor itself recognized the existence of the distinction when it condemned the property as and for recreation land and open space. See Resolution ¶1 at 2.

The court finds that the condemnor's distinction is appropriate, as the Legislature provided separately for condemnation of open space and for recreational land, with the Code granting the authority to condemn land only for "recreational purposes," 53 P.S. §67201, and expressly addressing open space in the Open Space Lands Act, 32 P.S. §5001 et seq. (Open Space Lands Act). An intermingling of open space and recreational purposes would misapply the law by deviating from the strict construc-

tion of a power of eminent domain and implying a power not granted by the Legislature to the condemnor. Therefore, the court will grant this preliminary objection.

### B. *The Condemnor Violated the Open Space Lands Act and the Pennsylvania Constitution When, Despite the Prohibition in the Act Against Condemnation by a Township for Open Space Purposes, It Expressly Condemned the Property for Open Space Purposes*

The Legislature addressed the acquisition of lands for open space uses in the Open Space Lands Act and expressly prohibited a local government unit such as the condemnor from acquiring open space through the exercise of the power of eminent domain. 53 P.S. §5002(5)(iii) (definition).

The condemnee argues that, through the subject resolution and declaration, the condemnor clearly expressed its intention and purpose to condemn all of the 103.83 acres of the Leister Farm for open space when it used the phrase "acquire, appropriate, take and condemn as and for . . . open space," explicitly violating the Open Space Lands Act and therefore the Pennsylvania Constitution, which expressly states that no private property may be taken or applied to public use without authority of law. Resolution ¶1 at 2; Pa. Const. Article 1, Section 10.

The condemnor argues that it condemned the property for a public use (*i.e.,* recreational park) pursuant to its express grant of statutory authority in sections 2201 and 3401 of the Code, not for open space as provided by the Open Space Lands Act. It further argues that recre-

ational land is so intertwined with the additional benefit of open space that it makes a distinction between recreational land and open space impossible because open space is a natural element of a public park, noting that, as recently as 2003, even the Commonwealth Court has acknowledged that open space is a logical element of a property's use as a public park. *In re Condemnation of Lands of Laughlin,* 814 A.2d 872 (Pa. Commw. 2003).

The court, however, is not convinced by the condemnor's argument and finds that "open space" is a term of art that is governed by the Open Space Lands Act. Therefore, the condemnor violated the Open Space Lands Act and the Pennsylvania Constitution when, despite the prohibition in the Act against condemnation by a township for open space purposes, it expressly condemned the property for such a purpose. Therefore, the court will grant this preliminary objection.

C. *The Open Space Lands Act Removed the Ability of the Condemnor To Condemn Property Under the Second Class Township Code for Recreational Purposes When Such Condemnation Actually Would Constitute a Condemnation for Open Space Purposes*

The Legislature first enacted the Open Space Lands Act in 1968. By amendment in 1996, it brought local government units within the coverage of that Act. S.B. 1320, 1995 session (1996). Section 5001 of the Open Space Lands Act now expresses an intention "to clarify and broaden the existing methods by which the Commonwealth and its local government units may preserve land in or acquire land for open space uses." 32 P.S. §5001 (statement of legislative intent).

The condemnee argues that through the addition of local government units, the Legislature explicitly restricted the ability of local government units to utilize the power of eminent domain to achieve open space purposes. 32 P.S. §5008(b). See also, S.B. 1320, 1995 session, §3 at 12 (1996).

The condemnee argues further that while the Code is general legislation directed at many matters involving townships of the second class, the Open Space Lands Act is special legislation specifically directed at the subject of open space. General and special statutes that conflict should be construed, if possible, to give effect to both statutes. 1 Pa.C.S. §1933. If they are irreconcilable, the special legislation controls the general. In other words, the provisions of the Open Space Lands Act control over the general provisions of the Code. See 1 Pa.C.S. §1933. Therefore, the condemnee argues that whether they are construed together or the special provisions are deemed to control, the Open Space Lands Act, and not the Code, governs the acquisition of real property by a township under the power of eminent domain for open space purposes, even when those purposes also may be considered to be recreational purposes for which a second class township may condemn property.

Conversely, the condenmor argues that it is obvious from the statement of legislative intent that the 1996 amendments to the Open Space Lands Act are not intended to prohibit the condemnor from exercising its powers to acquire real property for recreational purposes according to its express authority to do so provided by the Code. In support of this contention, the

condemnor quotes Senator Heckler, the sponsor of the bill, who stated that "[a]ny current authority, either pursuant to municipal codes or otherwise, for local government units to acquire real property for recreation, parks, or other purposes, would not be subject to the terms and conditions of Senate bill no. 1320, which would apply only to open space acquisitions made under the authority granted by this bill." Senate, Legislative Journal, p. 2601 (1996).

However helpful it might be to review the legislative history of a bill to understand its intent, the court agrees with the condemnee that the Open Space Lands Act provisions which restrict the actions of the condemnor are clear and free from all ambiguity, and therefore must not be disregarded under the pretext of pursuing the spirit of the Act as expressed by one senator. 1 Pa.C.S. §1921(b). Although the court acknowledges that an overlap can exist between recreational purposes and open space purposes, it finds that the provisions of the Open Space Lands Act prevail over those of the Code with respect to such purposes.

The inclusion of townships within the definitions, procedures, and limitations enacted by the Legislature in the Open Space Lands Act would be absurd if townships could avoid or ignore them by use of the Code. The ability of the condemnor to circumvent the intent of the Legislature by effectuating open space purposes under the guise of recreational purposes would create an absurdity that the Legislature did not intend. The condemnor exceeded its authority when it acted to, and did condemn, the property for open space purposes. Therefore, the court will grant this preliminary objection.

**D.** *The Condemnor Failed To Comply With the Requirements of the Eminent Domain Code When It Filed and Served a Declaration Which Vaguely and Indefinitely Identified One of the Purposes of the Condemnation As "Any Other Lawful Public Purpose and Benefit of the Public"*

The Eminent Domain Code, 26 P.S. §1-101 et seq., requires that a declaration of taking include a brief description of the purpose of the condemnation. 26 P.S. §1-402(b)(4). The condemnee argues that the statement in paragraph 5 of the declaration that the purpose of the condemnation was "any other lawful public purpose and benefit of the public" fails to provide a sufficient description of the purpose of the condemnation. Declaration ¶5 at 2. The condemnor argues that the statement is sufficient and adequately states the recreational purpose of the condemnation of the property.

The court finds that the language "any other lawful public purpose and benefit to the public" is too vague to fulfill the requirements of the Eminent Domain Code and therefore this preliminary objection is granted.

## II. LEAVE TO AMEND

The condemnor requests that, in the event this court determines that any of the preliminary objections are meritorious, it be granted an opportunity to amend the declaration. Since the court has determined that all of the preliminary objections are meritorious, we now consider the condemnor's request.

The Eminent Domain Code, 26 P.S. §1-101 et seq., expressly provides that the "court may allow amendment

or direct the filing of a more specific declaration of taking." 26 P.S. §1-406(e).

Amended declarations of taking may be filed as of course by a condemnor under the Eminent Domain Code without instituting new court actions in order to cure technical defects in the original declaration. *In re Powell,* 14 D.&C.3d 38 (1980). A court may properly allow a condemnor to cure any technical error by amending its initial condemnation resolution to conform to the declaration of taking. *Speicher Condemnation Appeal,* 58 Pa. Commw. 321, 428 A.2d 282 (1981).

There is no indication that a court-directed amendment of a declaration of taking pursuant to 26 P.S. §1-406(e) of the Eminent Domain Code is limited only to corrections of technical errors. *In re Condemnation of Certain Properties and Property Interests for Use As a Public Golf Course,* 822 A.2d 846 (Pa. Commw. 2003). Nothing in 26 P.S. §1-406(e) limits a court's authority to direct the amendment of, or the filing of, a more specific declaration of taking. *Id.*

The court, therefore, grants the condemnor's request and directs the condemnor to file an amended declaration of taking in compliance with the Eminent Domain Code. The court will allow the condemnor 90 days within which to file such an amendment. This time period is deemed to be a reasonable time in light of the fact that the condemnor will need to advertise and hold meetings in order to amend its resolution and then the declaration.

## ORDER

And now, June 17, 2005, upon consideration of the preliminary objections of condemnee Landston Equities

122

LLC to the declaration of taking filed on November 19, 2004, Lower Macungie Township's response thereto and argument thereon, and for the reasons set forth in the accompanying opinion;

It is hereby ordered that said preliminary objections are granted;

It is further ordered that Lower Macungie Township shall file an amended declaration of taking in compliance with the requirements of the Eminent Domain Code within 90 days of the date of this order.